poration agreed with a seller of certain goods that if such seller would deliver the goods to a corporation in which the officer was interested he would personally pay for the same.

2. CORPORATIONS, § 441*—*when corporation may guaranty debts of another corporation.* Evidence *held* insufficient to show that a commercial corporation promised to pay for goods delivered to another corporation, and since such commercial corporation had no authority to become the guarantor of the obligations of others, any attempt on its part to do so would have been void.

3. APPEAL AND ERROR, § 1793*—*what is effect of partial reversal.* When a joint judgment against two or more defendants who are sued on the same theory of liability, and who rely on the same theory of defense, is reversed on appeal or writ of error as to one of such joint defendants, it must be reversed as to all.

---

## Emma Boulter, Appellant, v. Clayton Cunningham et al., Appellees.

### Gen. No. 19,250.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1913.   Affirmed.   Opinion filed November 25, 1914.

### Statement of the Case.

Bill in chancery by Emma Boulter against Clayton Cunningham, Franklin Stillwell and Jacob D. Rosenberg to redeem certain lands sold under a decree of foreclosure. The orator claimed to be the assignee of the mortgagor, and claimed the right to redeem, though the statutory period had expired, by virtue of a contract between the mortgagor and trustee in the trust deed, whereby she claimed to be the owner of the equity of redemption for two months before the expiration of the time limited by the contract, for redemption.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

A general and special demurrer to the bill was sustained and the bill dismissed for want of equity, whereupon the orator appealed.

G. H. SUGRUE, for appellant.

GEORGE R. MITCHELL and SAMUEL B. KING, for certain appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. MORTGAGES, § 674*—*what is effect of foreclosure.* A foreclosure proceeding is *lis pendens* until the decree is executed by delivery of possession of the premises to the grantee in the master's deed.

2. MORTGAGES, § 674*—*when purchaser is effected by foreclosure.* One who purchases *pendente lite* any rights in property that is the subject of a decree is to all intents and purposes a party to the decree, and cannot be heard to say that he does not know of the pendency of the suit and the steps that are taken therein.

3. MORTGAGES, § 716*—*when bill to redeem insufficient.* In a suit to redeem property sold under a decree of foreclosure, an allegation that the fact of the pendency and the sale of the premises were "fraudulently concealed" from the plaintiff is a mere conclusion and amounts to nothing in the absence of averments of facts constituting the fraudulent conduct complained of.

4. MORTGAGES, § 716*—*when bill to redeem insufficient.* A bill to redeem property sold under a decree of foreclosure is fatally defective when there is no averment that the plaintiff has ever paid, or offered to pay, or tendered, or was willing to pay the sum of money for which the premises were sold with interest.

5. MORTGAGES, § 716*—*what allegation in bill to redeem insufficient to show payment.* An allegation in the prayer of a bill to redeem property sold under a decree of foreclosure that the property be declared to be the property of the orator on the payment of a certain sum to the "legal holder of the note" hereinbefore referred to, is insufficient as an offer to pay the sum for which the property was sold, since the offer did not include the necessary interest, and since the holder of the note and the holder of the title were under the circumstances, two different persons.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.